ALVAREZ, DEMANDANTE Y APELADO, *v.* RODRÍGUEZ ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao, en pleito sobre cobro de dinero.

No. 2010.—Resuelto en abril 9, 1920.

OBJECCIONES A LA PRUEBA TESTIFICAL—ALEGACIONES AMBIGUAS.—Después que sin objección del demandado se permite a un testigo del demandante declarar sobre un hecho cuya alegación no está muy clara en la demanda, es tardía la objección a que por ese motivo continúe declarando sobre el particular, con mayor razón cuando la demanda no ha sido excepcionada por ambigüedad ni la cuestión levantada en otra forma antes del juicio.

PAGARÉS OFRECIDOS COMO PRUEBA—PRUEBA ADMISIBLE.—Es admisible como prueba un pagaré endosado por un demandado cuando se presenta para corroborar la declaración de habérsele entregado dinero garantizado por el pagaré.

PRUEBA DE LA ENTREGA DE CANTIDADES.—No constituye error el admitir como prueba de que el demandado recibió del demandante ciertas sumas de dinero, varios recibos extendidos por el demandado a favor de persona distinta del demandante, cuando el demandado declaró que recibió del demandante las cantidades a que se refieren los recibos.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. F. González Fagundo.*

Abogado del apelado: *Sr. R. Martínez Alvarez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Emilio Alvarez y Juan Rodríguez Márquez convinieron en escritura pública de 24 de septiembre de 1916 en que el primero entregaría al segundo en sumas parciales hasta la cantidad de $4,000 para que sembrara y cultivara 30 cuerdas de terreno con tabaco para la cosecha de 1917; que tan pronto estuviese recolectado y en condiciones de ser retirado de los ranchos sería depositado en el almacén que eligiera el cosechero Rodríguez, por su cuenta, dando conocimiento de ello a Alvarez; que el pago del importe del crédito refaccionario se verificaría con el mismo tabaco que se cosechase, en cuyo caso la suma adeudada no devengaría interés alguno. con cuyo objeto Rodríguez Márquez se obligó a vender a Alvarez todo el tabaco que cosechase en dichas cuerdas de terreno al precio que rigiera en el mercado desde el 1º. de abril hasta el 31 de mayo de 1917, pero si por cualquier motivo no llegasen a un acuerdo sobre el precio del fruto podría Rodríguez, previa autorización por escrito y con la intervención de Alvarez, vender su tabaco a cualquier otra persona, quedando Rodríguez obligado en este caso a pagar a Alvarez en concepto de indemnización la cantidad de $3 por cada quintal de tabaco vendido del cosechado bajo paño y $1 por cada quintal del tabaco vendido del cosechado a la intemperie, entendiéndose que esas cantidades cubrirían cualquier perjuicio que Alvarez pudiera sufrir por dejar de adquirir dicho tabaco, quedando además el cosechero obligado a pagar la suma que resultare adeudar del préstamo refaccionario con el interés del doce por ciento anual, cuyas cantidades debería satisfacer en el acto de disponer del tabaco. Fué convenido también que en todo caso se entendería que Rodríguez Márquez quedaba obligado a liquidar y a pagar el crédito refaccionario el día 31 de mayo 1917, cuya fecha se fijó como vencimiento de la obligación para todos sus efectos legales. Para garantía del crédito refaccionario hasta la cantidad de $4,000, de sus intereses al doce por

ciento anual, de la indemnización estipulada y de $300 para costas, gastos y honorarios de abogado en caso de reclamación judicial Rodríguez Márquez y su esposa Juana Alverio constituyeron primera hipoteca sobre dos fincas urbanas de su propiedad.

Por otra escritura de 17 de enero de 1917 se hizo constar que habiendo agotado Rodríguez los $4,000 del anterior contrato, Alvarez le concedía un crédito adicional de $2,500 bajo las mismas condiciones que el primero y otras adicionales, que no son del caso ahora, y constituyeron como garantía segunda hipoteca sobre sus dos fincas urbanas por el principal, intereses del doce por ciento anual y por $200 para costas, gastos y honorarios de abogado.

En junio de 1917 Emilio Alvarez demandó a los mencionados esposos reclamándoles el pago de $8,177.15, sus intereses al doce por ciento anual hasta el pago de la deuda y $500 más para costas, gastos y honorarios de abogado, alegando los referidos contratos; que entregó a Rodríguez en diferentes fechas los $4,000 del crédito refaccionario original, más los $2,500 del crédito adicional, después de lo cual expuso lo siguiente:

"12. Que el demandante entregó al demandado a cuenta de los créditos alegados, diferentes cantidades dejando una suma o balance a favor del demandante por la cantidad de $8,177.15";

"13. Que no habiendo el demandante y demandado llegado a un acuerdo con respecto al precio del tabaco, y habiendo llegado el 31 de mayo de 1917, fecha fijada para el vencimiento total del pago de la deuda y los intereses, el demandante reclamó al demandado el pago de ambos créditos e intereses a lo que el demandado se negó y se niega en la actualidad."

Los demandados aceptaron los hechos alegados en la demanda con excepción de los dos que acabamos de transcribir literalmente y adujeron como defensa que de acuerdo con los contratos consignados en las escrituras entregaron al demandante en 21 de abril y 19 y 29 de mayo de 1917 las cantidades de tabacos que relacionan, manifestando además

el precio que tenían en el mercado en esas fechas, entregas cuyo valor es $7,992.06; que en marzo 18 de 1917 entregaron al demandante para abonar a su cuenta de refacción la suma de $1,200 en un pagaré firmado por Francisco Jiménez Lajara y Francisco Jiménez Díaz, valor al 31 de mayo de 1917, habiendo pagado al demandante los $6,500 importe del crédito refaccionario consignado en las dos. escrituras por lo que pidieron que se declarara sin lugar la demanda con las costas, desembolsos· y honorarios.

Dictada sentencia de acuerdo con todas las peticiones del demandante interpusieron los demandados el presente recurso de apelación.

Declarando el demandante cuando se· celebró el juicio, manifestó que hizo el primer contrato con Rodríguez por los $4,000, que se acabó el dinero e hicieron otro por $2,500 más que también le entregó y siguió dándole dinero y él le entregó un pagaré por $1,200 y le dió más dinero; que le hizo tres créditos, el primero por $4,000 y el segundo por $2,500. Entonces al preguntarle su abogado por el tercer crédito se opusieron los demandados a esa pregunta fundándose en que en la demanda no hay alegación alguna con respecto a un tercer crédito, habiendo objetado el abogado del demandante que en la alegación 12 se dice que se le entregaron diferentes cantidades dejando un balance a favor del demandante de $8,177.15. La corte inferior permitió que el testigo contestara esa pregunta y ahora sostienen los apelantes como uno de los fundamentos de su apelación que· esa resolución fué errónea.

En verdad en la demanda no se alega claramente un tercer crédito pues si bien dada la forma en que está redactada la alegación 12 parece deducirse que hubo un tercer crédito porque el demandante entregó a los demandados cantidades superiores a los créditos de $4,000 y de $2,500 toda vez que dice que entregó a cuenta de esos créditos diferentes cantidades que dejaron un saldo a su favor de $8,177.15, sin embargo tal alegación es bastante ambigua si se tiene ·en

cuenta que en la 13 dice que reclamó de los demandados el pago de "ambos créditos". Pero a pesar de esta ambigüedad no solo no fué excepcionada la demanda por ese motivo o la cuestión levantada en otra forma antes del juicio sino que como hemos visto los demandados formularon su objeción a la pregunta después de haber permitido que el demandante declarase que a más de las cantidades a que se refieren los dos primeros créditos siguió dando más dinero a los demandados, permitiendo así que probara la existencia de un tercer crédito por lo que siendo tardía su objeción no podemos declarar que fuera errónea la resolución que se impugna, con mayor motivo cuanto que en la contestación se alega haber pagado al demandante más de $8,000, deduciéndose de esa alegación, en ausencia de contra reclamación, que el crédito del demandante era superior a los $6,500 de las dos escrituras.

El segundo motivo de error alegado se funda en que la corte permitió que se presentara como prueba un pagaré firmado por Francisco Jiménez Lajara y Francisco Jiménez Díaz, a favor del demandado y endosado por éste a Emilio Alvarez, porque no puede exigirse su pago al demandado Rodríguez sin reconvenir y vencer antes en juicio al librador y principal responsable.

Para convencerse de que no existe el error alegado nos bastará decir que dicho pagaré no fué presentado en el juicio con objeto de cobrarlo al demandado sino para corroborar el demandante su declaración de que entregó al demandado Rodríguez más de los $6,500 a que se refieren las escrituras pues por el exceso le dió en garantía dicho pagaré.

El tercer motivo de error en que se funda el recurso se refiere también a la admisión de prueba y se dice consistir en haber sido admitidos ciertos recibos y cartas que están dirigidos a Manuel Alvarez y Compañía y no al demandante Emilio Alvarez. En apoyo de él se argumenta que fué errónea tal admisión porque se trataba con ellos de probar un tercer crédito que no estaba alegado en la demanda y por-

que se refieren a entregas de dinero hechas por M. Álvarez
y Cía. al demandado y no por el demandante Emilio Alvarez.

Con respecto al primer particular de la argumentación
nos bastará referirnos a lo que hemos dicho al considerar
el primer fundamento del recurso. En cuanto al otro, si
bien aparecen los recibos de dinero suscritos por el deman-
dado a favor de M. Alvarez y Cía. sin embargo el deman-
dado declaró que las cantidades a que los recibos se refieren
le fueron entregadas por el demandante Emilio Alvarez con
quien celebró los contratos de refacción y no por M. Alvarez
y Cía., de cuya firma es aquél empleado, y con la cual no
ha celebrado contrato alguno. En estas circunstancias no
podemos declarar que la corte cometiera el error que se le
atribuye.

Los dos últimos motivos alegados por los apelantes se
refieren al conjunto de la prueba, exponiendo los apelantes
en primer lugar que es insuficiente para sostener la senten-
cia condenatoria recaída en el pleito, y en segundo lugar que
demuestra que la deuda fué pagada en su totalidad.

El único argumento que aducen los apelantes en apoyo
del primer extremo es que sólo se ha probado una deuda de
$6,500 de los contratos escriturarios porque la alegación 12
no contiene alegación alguna de otro crédito y que se trata
de atacar los términos de esos contratos.

El apelado nunca ha tratado de contradecir las conven-
ciones de los dos contratos escritos sino que lo que trató de
probar y probó fué que además de los $6,500 a que ellos se
refieren entregó otras cantidades a Rodríguez con el mismo
objeto hasta sumar con aquélla la cantidad de $8,177.15 cuyo
pago ordena la sentencia.

Respecto a si la prueba demuestra que el demandado pagó
totalmente su deuda, si bien es cierto que Rodríguez envió
al almacén de Alvarez las partidas de tabaco que expresa
en la defensa que alegó contra la demanda, no resulta pro-
bado que las partes llegaran a un acuerdo con respecto al
precio del fruto en el mercado en las fechas de las entregas,

acuerdo exigido por los contratos de refacción y por tanto el hecho de que al recibir Alvarez la primera remesa de tabaco contestara a Rodríguez "que podía seguir mandando el tabaco, que creía que no tendrían diferencias en el precio" no solo demuestra que no habían llegado a un acuerdo respecto del precio, sino que de esas palabras no puede deducirse que el tabaco quedó vendido a Alvarez desde que fué entregado. No sólo no encontramos algo que demuestre que las entregas fueron hechas como ventas sino que declarando el propio Rodríguez manifestó que el tabaco que estaba en casa de Alvarez era de su propiedad, lo que también expresó en carta de 25 de mayo de 1917 en la que además consignó que no estaba conforme con los precios que le proponía Alvarez. Así pues no probaron los apelantes que hubieran pagado su deuda con la venta del tabaco, ni tampoco con el pagaré de Jiménez Lajara porque no fué pagado a su vencimiento.

Por las razones expuestas la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.